# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| In re: | ) | Bky. Case No. 24-30051 |
| | ) | Chapter 7 |
| Heidi Bergland, | ) | |
| | ) | |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| Gene W. Doeling as Bankruptcy Trustee, | ) | **ADVERSARY COMPLAINT** |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| Heidi Bergland, | ) | |
| | ) | |
| Defendant. | ) | Adversary No. 24-_____ |
| _____ | ) | |

Gene W. Doeling, the bankruptcy trustee and plaintiff herein the above entitled case, by and through his attorney, states and alleges as follows:

1. This is an adversary proceeding brought pursuant to Bankruptcy Rule 7001(1) and § 727 of Title 11, United States Code and constitutes a "core" proceeding as defined in title 28, United States Code § 157(b)(2)(H).

2. The debtor filed a Chapter 7 bankruptcy petition in the District of North Dakota on February 9, 2024. The plaintiff is the duly appointed and acting trustee in this case.

3. The initial 341 meeting in this case was scheduled for March 12, 2024 but was continued to April 9, 2024 due to lack of requested documentation being provided by the debtor.

4. The debtor signed her bankruptcy petition and schedules under oath, claiming all of the debtor's information in the petition and schedules was true and accurate.

5. The debtor at the outset of her creditors meeting, testified under oath, that all of her information in her bankruptcy petition and schedules was true and correct and there were no errors

or omissions. During the creditors meeting, Chad Anderson, her bankruptcy attorney advised the trustee that the debtor used the exemption under N.D.C.C. § 28-22-03, and she did not qualify for that exemption.

6. The debtor claimed the exemption under N.D.C.C. § 28-22-03 in her original bankruptcy schedules even though she did not qualify for that exemption because she did not have any dependents. The debtor did not amend her schedules to correct the issue of using the wrong exemption until after the trustee filed an objection to the debtor's exemption claims on April 15, 2024.

7. The debtor filed amended schedules on April 26, 2024, no longer seeking to improperly claim the exemption under N.D.C.C. § 28-22-03. In the debtor's original schedules, the total amount of exemption used under N.D.C.C. § 28-22-03 was $6,246.45.

8. In the debtor's amended schedules filed on April 26, 2024, despite having claimed under oath, both in the signing of the petition and schedules, and during the creditors meeting held on April 9, 2024, that all of the information in the original petition and schedules was true and correct, the debtor intentionally lowered the value of the previously scheduled assets in her amended schedules. The debtor lowered the value of the previously scheduled assets so that she could still exempt all of her assets under the reduced amount of exemption allowed under N.D.C.C. § 28-22-05. In the debtor's amended schedules filed on April 26, 2024, the debtor reduced the value of the $6,246.45 of assets she exempted using N.D.C.C. § 28-22-03 in her original bankruptcy schedules, down to $3,338.79.

9. The debtor originally scheduled household goods and furnishings valued at $2,325 which the debtor exempted under N.D.C.C. § 28-22-03. In the debtor's amended schedules filed on April 26, 2024, the debtor reduced the value of the household goods and furnishings to $700,

and claimed them exempt under N.D.C.C. § 28-22-05.

10. The debtor originally scheduled electronics to include four televisions, a personal computer, a video game system, and cellular phones with a total value of $1,230. The debtor exempted these assets under N.D.C.C. § 28-22-03. In the debtor's amended schedules filed on April 26, 2024, debtor removed the personal computer and reduced the entire value of the remaining assets to $700, exempted under N.D.C.C. § 28-22-05.

11. The debtor originally scheduled collectibles to include "art objects, dvds, collectibles" with a total value of $450. The debtor exempted these assets under N.D.C.C. § 28-22-03. In the debtor's amended schedules filed on April 26, 2024, debtor changed the description to read "DVDs, Art Prints" and reduced the entire value of these assets to $100, exempted under N.D.C.C. § 28-22-05.

12. The debtor originally scheduled jewelry valued at $550 and exempted these assets under N.D.C.C. § 28-22-03. In the debtor's amended schedules filed on April 26, 2024, debtor reduced the value to $120, exempted under N.D.C.C. § 28-22-05.

13. The debtor failed to disclose on the Statement of Financial Affairs a transfer of money to her mother which was required to be disclosed. During questioning at the creditors meeting by the trustee about information contained on the debtor's checking account records, the debtor admitted that she made a payment to her mother Mary Bergland for $2,638 on or about January 18, 2024. This transfer/payment was not disclosed on the original Statement of Financial Affairs, and was not disclosed by the debtor at the creditors meeting until the trustee ferreted the information out of the debtor by questioning her about transactions contained on her bank statements. After the trustee unearthed the transfer information from the debtor, the debtor in her amended schedules on April 26, 2024 disclosed the transfer of $2,683 on January 12, 2024 to her

mother Mary Bergland.

16. The debtor also had a PayPal account and a Venmo account which were not disclosed on the debtor's bankruptcy schedules, and the debtor may have additional assets which are not disclosed on the schedules.

15. The debtor, intentionally or with reckless disregard for the truth, provided false information in the Statement of Financial Affairs question number 4 regarding year-to-date income in which debtor lists $1,519.23. The debtor's paystub for payday February 2, 2024, to date reflects gross income as of that date was $4,090.46. The debtor did not correct her false information in her amended schedules filed on April 26, 2024.

16. Debtor did not disclose payments to insider Mary Bergland within one year prior to the bankruptcy filing.

### FIRST CLAIM ⸺ DENIAL OF DISCHARGE 11 U.S.C. § 727(a)(4)

17. The trustee re-alleges paragraphs 1 through 16. The debtor knowingly and fraudulently, or with reckless disregard for the truth, in or in connection with the case, made false oaths and accounts. The debtor failed to provide true and accurate information regarding her income on her original schedules and failed to disclose her Venmo and PayPal accounts. The debtor knowingly and fraudulently failed to disclose on her bankruptcy schedules the payment and transfer of money to her mother Mary Bergland made during the one year period before she filed bankruptcy. The debtor knowingly and fraudulently attempted to use an exemption she did not qualify for. The debtor knowingly and fraudulently committed false oath when she filed amended schedules signed under oath, and lowered the values of originally scheduled assets also signed under oath, for the purpose of preventing the bankruptcy estate from administering property which would have been nonexempt, but for the debtor reducing the value of her assets on the schedules.

**SECOND CLAIM –– DENIAL OF DISCHARGE 727(a)(2)**

18. The trustee re-alleges paragraphs 1 through 17. The debtor with intent to hinder, delay, or defraud a creditor or officer of this estate, transferred property of the debtor, and concealed that transfer, within one year before the date of the filing of the petition. The debtor transferred the sum of $2,683 to her mother, shortly before the filing of the bankruptcy, and did not disclose that transfer on her bankruptcy schedules as required, or to the bankruptcy trustee until specifically asked about a transaction contained on the debtor's bank statements.

WHEREFORE, the plaintiff requests the following relief from the Court:

1. Denial of the debtor's discharge pursuant to 11 U.S.C. §§ 727(a)(4) and 727(a)(2)

2. For the plaintiff's costs and disbursements of this action; and

3. For such other and further relief as the Court deems fair and just.

Dated:  May 13, 2024               /s/  Gene W. Doeling
                                   Gene W. Doeling (05078)
                                   KALER DOELING PLLP
                                   Attorney for Plaintiff
                                   PO Box 9231
                                   Fargo, ND  58106-9231
                                   (701) 232-8757